UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA POLLOCK,

        Plaintiff,                      Civil Case No. 13-13652
                                                  Honorable Linda V. Parker

v.

GC SERVICES LIMITED
PARTNERSHIP - DELAWARE,

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 31) AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 32)

This case involves alleged violations of the Federal Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* Pending before the Court are cross motions for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56 by Defendant GC Services Limited Partnership – Delaware ("Defendant") and Plaintiff Lisa Pollock ("Plaintiff"). (ECF Nos. 31, 32.) For the reasons stated below, the Court **GRANTS** Defendant's motion and **DENIES** Plaintiff's motion.

**I.**

The record reveals that Defendant is a third-party debt collector (Sierra Aff., ECF No. 31-2 at Pg. ID 289.) Plaintiff owed a $355.10 debt to QVC, and QVC asked Defendant to try to collect on the debt. (*Id.*) August 9, 2013, Defendant's

1

representative, Carlos Sierra, left a voice message on Plaintiff's voicemail stating: "Good morning, this message is intended for Lisa Pollock. My name is Carlos Sierra and I would appreciate you calling me back at 1-866-862-2789. Once again, that number is 1-866-862-2789. Thank you." (*Id.* at Pg. ID 290.) Thereafter, Plaintiff called Defendant back and spoke with a female representative. (Am. Compl., ECF No. 12 at Pg. ID 99.) During this conversation, Defendant attempted to collect on the debt. (*Id.*) Subsequently, Plaintiff filed the instant complaint asserting that Defendant's conduct violated 15 U.S.C. §§ 1692e(11) and d(6) of the FDCPA. (*Id.*). The parties then filed their cross motions for summary judgment pursuant to Rule 56. (ECF Nos. 31, 32.)

## II.

Summary judgment is properly entered where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In this case, the material facts are not in dispute. The court must therefore determine whether Defendant's voicemail violates 15 U.S.C. §§ 1692e(11) or d(6).

## III.

The Court will first address the basis of Plaintiff's claim under § 1692e(11), which requires a debt collector to disclose, during an "initial communication with the consumer," whether it "is attempting to collect a debt and that any information

2

obtained will be used for that purpose." 15 U.S.C. § 1692e(11). Defendant asserts that the voicemail does not constitute a communication under the statute, and that consequently its representative was not required to disclose that it was attempting to collect a debt. (Def.'s Mot., ECF No. 31 at Pg. ID 280-81.) Plaintiff disagrees. (Pl.'s Mot., ECF No. 32 at Pg. ID 465.) 15 U.S.C. § 1692a(2) defines the term "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). Defendant asserts that its representative's message never conveyed information pertaining to Plaintiff's debt, and accordingly the voice message does not constitute a communication. The Court agrees. Defendant's representative merely stated his name, to whom the call was intended, and his call-back number. (Sierra Aff., ECF No. 31-2 at Pg. ID 289.) Such a disclosure is not deemed a communication under the statute. *See Brody v. Genpact Servs., LLC*, 980 F.Supp.2d 817, 820 (E.D. Mich. 2013). Thus, Defendant's representative was not required to communicate to Plaintiff that it was attempting to collect a debt.

## IV.

The Court next addresses Plaintiff's claim under § 1692d(6), which prohibits debt collectors from engaging in conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d(6). The statute holds that "the placement of telephone calls

3

without meaningful disclosure of the caller's identity" is a "violation of this section." *Id.* Plaintiff claims that under the statute, Defendant's representative was required to state the name of his employer. (Pl.'s Mot., ECF No. 32 at Pg. ID 465.) Defendant asserts that Plaintiff's § 1692d(6) argument fails for four independent reasons: (1) the voice message it left was not harassing; (2) the 15 U.S.C. § 1692b(1) "third party communication exception" to § 1692d(6)'s meaningful disclosure requirement is applicable; (3) both the statute and case law hold that multiple telephone calls, rather than a single phone call, are required for a § 1692d(6) violation; and (4) Defendant complied with the plain language of the statute. (Def.'s Mot., ECF No. 31 at Pg. ID 280-286.) The Court need only address ground (3), as it is dispositive.

A plaintiff's assertion that a defendant violated § 1692d(6) by making a single phone call without providing meaningful disclosure of its identity is inadequate. *See e.g.*, *Jordan v. ER Solutions, Inc.*, 900 F.Supp.2d 1323 (S.D Fla. 2012) (holding that a debt collector's single call without disclosing its identity to consumer did not violate § 1692d(6) of the FDCPA, which prohibits telephone calls without meaningful disclosure of a caller's identity; provision required multiple calls for a violation); *Sanford v. Portfolio Recovery Associates*, LLC, No. 12-11526, 2013 WL 3798285, at *19 (E.D. Mich. July 22, 2013) (citation and quotations omitted) (finding that the plain text of § 1692d(6) refers to "calls"

4

rather than a singular call, which has been interpreted to be a "purposeful plural" such that courts have found a single call insufficient).  For the foregoing reasons, Defendant persuades the Court in its favor.

Plaintiff's claims under 15 U.S.C. §§ 1692e(11) and d(6) of the FDCPA fail as a matter of law. Accordingly, the Court **GRANTS** Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and **DENIES** Plaintiff's motion for summary judgment.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 12, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 12, 2014, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
